# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROGER E. ARTRIPE,

      Petitioner,

      v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:17-cv-608
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Return of Writ*, Petitioner's *Reply*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted unless Petitioner notifies the Court, within **FOURTEEN (14) DAYS**, that he wishes to delete his unexhausted claim and proceed only on his remaining exhausted claims.

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} Appellant's daughter Ashley contacted law enforcement on February 24, 2013, to report that her four-year-old stepdaughter, A.S., had informed her of improper sexual conduct by appellant. Detective Tom Bumpus recommended that Ashley take A.S. to the Center for Family Safety and Healing (hereinafter "Center") at Nationwide Children's Hospital in Columbus for an examination.
>
> {¶ 3} Det. Bumpus interviewed appellant, who admitted to babysitting A.S. on Tuesdays. Appellant acknowledged putting cream or ointment on A.S., and while he denied touching A.S., he told the detective that he suffered from memory lapses, and might have touched A.S. during a "blackout session."

{¶ 4} Kerri Wilkinson, a licensed social worker and forensic interviewer, interviewed A.S. at the Center. The interview was videotaped. A.S. was asked to identify body parts on anatomically correct drawings of a naked boy and girl. A.S. identified the vaginal area as a "booger," and the penis as a "booger." A.S. told Wilkinson that Papaw Roger puts his booger inside of her booger, and it hurts. She also told Wilkinson that Papaw Roger's booger goes inside of her butt, and it hurts. A.S. told Wilkinson that slobber and pee come out of Papaw Roger's booger when he goes potty, and that his slobber is white.

{¶ 5} After the interview, pediatric nurse practitioner Gail Hornor conducted a physical examination of A.S. Hornor watched A.S.'s interview through closed circuit television, and also discussed the interview with Wilkinson to determine the appropriate medical examinations and testing. A.S. tested negative for sexually transmitted diseases, and her anogenital examination was normal.

{¶ 6} On March 5, 2013, appellant's daughter Amanda made an audio recording of a confrontation she and her mother had with appellant concerning the allegations. Appellant stated that he touched A.S., that he does not know why, and that he is getting help.

{¶ 7} Appellant was indicted by the Knox County Grand Jury on one count of rape and one count of gross sexual imposition. The case proceeded to jury trial.

{¶ 8} At trial, A.S. was found incompetent to testify, but the videotape of Wilkinson's interview with A.S. was admitted into evidence over appellant's objection. Appellant testified at trial that he sometimes babysat A.S. He testified that she had soiled her pants, and he put her in the bathtub. When she got out of the tub, he noticed that "her bottom was ate up," either with diaper rash or bed bug bites. He put Desitin ointment on her bottom. He testified that the guilt he felt was for putting diaper ointment on an older child like A.S., rather than letting a female family member do it. He testified that for the last ten years he had been unable to obtain an erection or ejaculate. His wife also testified that for the last ten years, appellant was unable to perform sexually.

{¶ 9} Appellant was convicted of both charges. The trial court found that the convictions merged, and sentenced appellant for rape. Because the victim was under the age of ten, the court sentenced appellant to a term of imprisonment of life with possibility of parole in fifteen years. Appellant assigns four errors on appeal:

{¶ 10} "I. THE COURT ERRED WHEN IT PERMITTED THE INTRODUCTION OF EVIDENCE THAT WAS IMPERMISSIBLE AS BOTH HEARSAY AND IN VIOLATON OF APPELLANT'S RIGHT TO CONFRONT WITNESSES AGAINST HIM.

{¶ 11} "II. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶ 12} "III. THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 13} "IV. THE APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL."

*State v. Artripe*, No. 14CA8, 2014 WL 5365518, at *1-2 (Ohio App. 5th Dist. Oct. 17, 2014). On October 17, 2014, the appellate court reversed Petitioner's rape conviction, but otherwise affirmed the judgment of the trial court, and remanded the case to the trial court for re-sentencing. *Id.* Petitioner did not file an appeal to the Ohio Supreme Court.

{¶ 5} On February 6, 2015, appellant was resentenced to a prison term of 60 months upon Count II.

{¶ 6} On February 27, 2015, appellee filed a "Motion to Resentence Defendant" based upon the decision of the Ohio Supreme Court in *State v. Bevly*, 142 Ohio St.3d 41, 2015–Ohio–475, 27 N .E.3d 516.1

{¶ 7} On March 6, 2015, appellant appeared before the trial court and was resentenced to a prison term of 60 months upon Count II. In its Sentencing Entry dated March 10, 2015, the trial court states in part:

* * * *.

In imposing a maximum term, the Court considered:

1) The physical and/or mental injury suffered by the victim of the offense due to the conduct of [appellant] was exacerbated because of the age of the victim, to wit: 4 years old;

2) The victim of the offense suffered serious psychological harm as a result of the offense;

3) [Appellant's] relationship with the victim facilitated the offense, to wit: step-grandparent;

4) The offense [appellant] stands convicted of is a sex offense; and

5) [Appellant] shows no genuine remorse.

* * * *.

{¶ 8} Appellant now appeals from the trial court's Sentencing Entry of March 10, 2015.

{¶ 9} Appellant raises one assignment of error:

ASSIGNMENT OF ERROR

{¶ 10} "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."

*State v. Artripe*, No. 15CA7, 2015 WL 5815547, at *1 (Ohio App. 5th Dist. Oct. 2, 2015). On October 2, 2015, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner did not file a timely appeal. On December 21, 2015, he filed a motion for a delayed appeal. (ECF No. 7-1, PAGEID # 181.) On February 10, 2016, the Ohio Supreme Court denied the motion for a delayed appeal. *State v. Artripe*, 144 Ohio St.3d 1475 (2016).

Meanwhile, on December 7, 2015, Petitioner filed an application for reopening of the appeal pursuant to Ohio Appellate rule 26(B). (ECF No. 7-1, PAGEID # 201.) He asserted that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that the evidence was constitutionally insufficient to support his conviction on gross sexual imposition; that the jury's verdict was against the manifest weight of the evidence; and that he was denied the effective assistance of trial counsel. (PAGEID # 255.) On March 17, 2016, the appellate court denied the Rule 26(B) application. *Judgment Entry* (ECF NO. 7-1, PAGEID # 253.)[1] On July 27, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). *State v. Artripe*, 146 Ohio St.3d 1471 (2016). On February 10, 2017, Petitioner filed a *Motion to Correct Sentence*, in which he asserted that

---

[1] The appellate court held that Petitioner's arguments had already been considered on direct appeal, and that they therefore were barred by the law-of-the-case doctrine. (ECF No. 7-1, PAGEID # 257.)

4

the trial court failed to notify him regarding post release control, and journalized the wrong statutory language on post release control. (ECF No. 7-1, PAGEID # 295.) On June 27, 2017, the trial court denied that motion. (PAGEID # 309.) On October 6, 2017, the appellate court dismissed the appeal for want of prosecution. *Judgment Entry* (ECF No. 7-1, PAGEID # 319.)

On July 13, 2017, Petitioner filed this *pro se Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his conviction on gross sexual imposition was against the manifest weight of the evidence, and that the evidence is constitutionally insufficient to sustain this conviction (claim one); that he was denied a fair trial due to the admission of his incriminating statements against him (claim two); and that he was denied the right to the effective assistance of appellate counsel (claim three). It is the position of the Respondent that Petitioner's claims are procedurally defaulted and without merit.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Furthermore, federal habeas courts may not entertain "mixed petitions," *i.e.*, petitions that present both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). However, federal courts have the discretion to stay a mixed petition in order to permit a petitioner to present any unexhausted claim to the state courts, and then to return to federal court for review of

5

all, now exhausted, claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, stays under these circumstances should be only sparingly used; stays are not appropriate, for example, when the unexhausted grounds are plainly meritless. *Id*. at 278. A petitioner seeking a stay to permit exhaustion of an unexhausted claim must demonstrate both good cause for having failed to exhaust his state court remedies and a potentially meritorious claim. *Id*. at 277-78.

This action plainly remains unexhausted. Petitioner asserts in claim one that his conviction on gross sexual imposition was against the manifest weight of the evidence, and that the evidence is constitutionally insufficient to sustain this conviction. The state appellate court rejected this claim on direct appeal; however, Petitioner never filed an appeal to the Ohio Supreme Court. Further, he may now still pursue the filing of a motion for a delayed appeal under Ohio Supreme Practice Rule 7.01(A)(4)(a).[2] Therefore, this action is subject to dismissal on this basis.

Moreover, the record does not reflect that Petitioner's claim is potentially meritorious so as to warrant a stay under *Rhines*. The state appellate court has rejected Petitioner's claim of insufficiency of the evidence:

---

[2] Ohio Supreme Court Practice Rule 7.01(A)(4)(a) provides:

  Motion for a Delayed Appeal in Felony Cases.

(a) In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may file a delayed appeal by filing a notice of appeal and a motion for delayed appeal that complies with the following requirements:

(i) The motion shall state the date of entry of the judgment being appealed and the reasons for the delay;

(ii) Facts supporting the motion shall be set forth in an affidavit;

(iii) A date-stamped copy of the court of appeals' opinion and the judgment entry being appealed shall be attached to the motion.

> {¶ 30} Appellant was convicted of violating R.C. 2907.05(A)(4), which prohibits sexual contact with a person under the age of thirteen. Sexual contact is defined by R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Appellant admitted to touching A.S.'s buttock. While he testified that he was simply putting diaper ointment on A.S., during the audio recording appellant's daughter made of a confrontation with appellant, he stated that he touched A.S., that he does not know why, and that he is getting help. He also told police that he might have touched A.S. during a "blackout session." Although appellant argues that his testimony and that of his wife demonstrates he has not been able to have an erection or ejaculate for the last ten years, appellant's ability to physically perform sexually is not solely determinative of whether he touched A.S. for the purpose of sexually arousing or gratifying himself.
>
> {¶ 31} From appellant's admission that he touched A.S. and his admission that he was seeking help because he did not know why he touched A.S., the jury could have concluded that appellant touched A.S. for the purpose of sexual gratification or arousal. Further, the jury did not lose its way in concluding that appellant touched A.S. for the purpose of sexual gratification or arousal from the evidence presented in the case. The judgment is not against the manifest weight or sufficiency of the evidence.

*Artripe*, 2014 WL 5365518, at *5. Further, Petitioner's claim that his conviction was against the manifest weight of the evidence fails to provide a basis for federal habeas corpus relief. *See Taylor v. Warden, Lebanon Corr. Inst.,* No. 2:16-cv-237, 2017 WL 1163858, at *10 (S.D. Ohio March 29, 2017) (citing *Williams v. Jenkins*, No. 1:15cv00567, 2016 WL 2583803, at *7 (N.D. Ohio Feb. 22, 2016) ) (citing *Nash v. Eberlin*, 258 F. App'x 761, 765, n.4 (6th Cir. 2007)); *Norton v. Sloan*, No. 1:16-cv-854, 2016 WL 525561, at *5 (N.D. Ohio Feb. 9, 2017) (citing *Ross v. Pineda*, No. 3:10-cv-391, 2011 WL 1337102, at *3 (S.D. Ohio 2011)) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law."). Under these circumstances, a stay would not be warranted.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted unless Petitioner notifies the Court, within **FOURTEEN (14)**

**DAYS** that he wishes to delete his unexhausted claim and proceed only on his remaining exhausted claims.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Elizazbeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge