# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ROGER E. ARTRIPE,**

   **Petitioner,**

                **CASE NO. 2:17-CV-608**
  **v.**               **JUDGE GEORGE C. SMITH**
                 **Magistrate Judge Deavers**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

   **Respondent.**

## OPINION AND ORDER

On June 12, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice as unexhausted, unless Petitioner notified the Court of his withdrawal of his unexhausted claim, and proceeded solely on his remaining exhausted claims. (ECF No. 11.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.* (ECF No. 14.) Petitioner states that he is actually innocent of the charges, and that the allegations against him were fabricated in retaliation for his refusal to permit his daughter or her mother to move into his home or to give them money.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. As discussed by the Magistrate Judge, plainly, this action remains unexhausted. Petitioner raises a claim that the evidence is constitutionally insufficient to sustain his conviction, but he has never presented this issue to the Ohio Supreme Court. Moreover, he may still pursue the filing of a motion for a delayed appeal under Ohio Supreme Court Practice Rule 7.01(A)(4)(a). Therefore, this action is subject to dismissal without prejudice, as unexhausted.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 14) is **OVERRULED**. The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED** without prejudice as unexhausted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as unexhausted. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**